JAMES W. ROBERSON, RESPONDENT, v. MORRIS MILLER, APPELLANT.

Submitted July 11, 1921—Decided October 7, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff below recovered a judgment for $181.13 in the Second Judicial Court of Hudson county. From that judgment the defendant appeals to this court.

"The agreed state of the case shows: 1. That the plaintiff's assignor, on the 13th day of July, 1918, entered into an agreement in writing with defendant, whereby the defendant agreed to sell to the plaintiff's assignor two houses and lots located in Jersey City for the sum of $5,200, to be paid in the following manner: $100 on execution of the agreement; $1,600 cash on delivery of the deed, and the balance of $3,500 to be secured by bond and mortgage, payable in two years. 2. That the vendor by said agreement obligated himself to give a warranty deed with full covenants. 3. That $100 was paid down by the prospective vendee, pursuant to said agreement. 4. That the prospective vendee assigned the agreement to the plaintiff for a valuable consideration. 5. That plaintiff went into possession of the premises some time between the 13th and 20th of July, 1918, and from then on until the latter part of September, 1918, collected the rents and dispossessed tenants at the defendant's request. 6. That the defendant's title proved defective so that he was unable to comply with his agreement above referred to. 7. That the plaintiff, after taking possession, expended for repairs $354.08. The plaintiff collected rents, amounting to $514, and deducting what he spent for necessary repairs to the premises, turned over the balance of $85.25 to the defendant. 8. Plaintiff, in addition to the moneys expended by him on the property, paid $75 for search fees.

"The plaintiff sued to recover the $100 paid to the defendant as a deposit; $75 search fees and $87.80 interest paid to a building loan association on a mortgage held by it.

"Counsel of appellant's contention is that the plaintiff's right of recovery was limited, under an act entitled 'An act to provide the measure of damages in certain actions on contracts for the sale of real estate or any interest therein' (*Pamph. L.* 1915, *p.* 316), to a recovery of the deposit money with interest and costs and his reasonable expenses of examining the title and making the survey.

"We do not think that the act applies to a situation where, as here, the plaintiff went into possession at the defendant's request and collected rents and dispossessed tenants. The

facts indicate that the defendant made the plaintiff his agent in the management of the property [including the making of repairs] and which gave rise to an implied promise to pay them or account for them in settlement if he refuses or is unable to convey according to the agreement. 20 *Cyc.* 301; 39 *Id.* 2073.

"The judgment is affirmed, with costs."

For the appellant, *Harlan Besson.*

For the respondent, *William B. Stites.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE SWAYZE, PARKER, BERGEN, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.